TOM GOOR AND WIFE, AGATHIA GOOR, v. HOME MORTGAGE COMPANY, NORTH CAROLINA MORTGAGE COMPANY, JEFFERSON E. OWENS, SUBSTITUTED TRUSTEE; THE METROPOLITAN CASUALTY COMPANY OF NEW YORK, AND MORTGAGE SERVICE COMPANY.

(Filed 11 April, 1934.)

APPEAL by defendants from *Frizzelle, J.,* at Chambers in Snow Hill, N. C., 30 December, 1933. From PITT. Affirmed.

The following order was made by the court below: "This cause coming on to be heard before his Honor, J. Paul Frizzelle, resident judge of the Fifth Judicial District, upon return of a temporary restraining order, and counsel for both parties being present, and it being found from the pleadings that plaintiffs are the owners of land described; that they have secured certain indebtedness to the defendants, and that all payments have been made according to the terms of said security, except

the taxes, which are in arrears in the amount of about $400.00, the exact amount shown by the books of the tax collectors for the city of Greenville and county of Pitt. And it further being found that plaintiffs have applied to the Federal Land Bank for a loan, which has been approved, in the sum sufficient to liquidate the entire indebtedness of plaintiffs to the defendants, including taxes, and defendants refused to accept the bond for settlement as provided by the Federal Land Bank; and it being further found that plaintiffs will be able by an indulgence of ninety days to provide for the payment of taxes in arrears and comply with all other terms of contract, and it being further found that some bond or cash in lieu thereof should be provided by plaintiffs to protect the defendants from loss by reason of the granting and continuing of this restraining order. It is now, thereupon, ordered that the order heretofore made enjoining the sale by defendants be continued in force for ninety days, provided the plaintiffs make a deposit of $100.00 with the clerk of Superior Court, Pitt County, the said $100.00 to be applied as a credit upon the amount of taxes advanced by and due the defendants on the property if plaintiffs tender the balance of the taxes within the said ninety days or provide for the balance of taxes due; and provided further that, if plaintiffs are unable to pay the balance due on the taxes within ninety days, the said $100.00 shall be held by the court subject to final decree as to the amount of damage sustained by the defendants as the result and by reason of the granting and continuing of this order; provided further that, should plaintiffs pay or provide for the said taxes or make a tender of full settlement of the said indebtedness, in cash or government securities, as provided by the Home Loan Bank, within the said ninety days, as above set forth, then this order shall be made permanent, in event of or should plaintiffs fail within said ninety days to pay or provide for the said taxes or should fail to complete loan with the Home Loan Bank, so as to liquidate the entire indebtedness to defendants, then defendants may proceed to advertise said sale, with the right and privilege reserved to plaintiffs to redeem said property, at any time before the final approval of sale by the court, by complying with the provisions of this order. For the purpose of making said sale, in accordance with the orders of this court, Albion Dunn is hereby named commissioner who, after ninety days, shall advertise same according to law and the terms of said deed of trust, and make his report to this court for further orders.

"Done at Chambers, at Snow Hill, on 30 December, 1933.

J. PAUL FRIZZELLE, *Resident Judge Fifth Judicial District.*"

"Upon the signing of said judgment, exception was duly taken thereto and appeal entries entered upon said judgment as follows: To the foregoing order, in its entirety, the defendants except and particularly to

the findings of fact, for the reason that there is neither evidence nor allegations to support such findings and particularly to the refusal of the court to sustain defendant's plea of *res judicata* and in effect overruling same, and appeal to the Supreme Court."

The defendants' only assignment of error, embracing the one and single exception, is to the order of his Honor, Judge Frizzelle, continuing the restraining order to the hearing and refusing to sustain defendants' plea of *res judicata.*

*S. J. Everett for plaintiff.*
*W. A. Devin, Jr., and Albion Dunn for defendants.*

PER CURIAM. The plea of *res judicata* set up by defendants cannot be sustained. Certain matters and things have arisen since the prior order. See statutes and cases cited in *Woltz v. Safe Deposit Co., ante,* 239; *Whitaker v. Chase, ante,* 335. The judgment of the court below is
Affirmed.